```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS


MICHAEL R. CHUBB,

                       Plaintiff,

          v.                                CASE NO.09-3010-SAC

SEDGWICK COUNTY JAIL,

                       Defendant.
```

**O R D E R**

This matter is before the court on a complaint seeking relief under 28 U.S.C. § 1983, filed pro se by a prisoner confined in the Sedgwick County jail in Wichita, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee.

Having considered the plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

28 U.S.C. § 1915A(a) and (b).  Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Plaintiff bears the burden of alleging sufficient facts, taken as true, "to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007).  To state a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  Bruner v. Baker, 506 F.3d 1021, 1025-26 (10th Cir. 2007)(*quotation omitted*).

In this action, plaintiff first claims his high security classification at the county facility subjects him to a dangerous environment with violent criminals.  Plaintiff contends he should be held in the least restrictive classification because he has not been charged with a crime.  Second, plaintiff complains of toxic conditions at the facility, and cites problems with mold, flies, dust, air quality, cold temperatures, inadequate cleaning supplies, and inadequate food.  He also claims these conditions cause him pain, nose bleeds, headaches, and breathing difficulties.[1]  Third,

---

[1] Plaintiff's motion to amend the complaint to further allege rodent infestation is granted.  Under Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff may amend his complaint "once as a matter of course" prior to defendants filing their response to the complaint.

2

plaintiff claims the denial of certified financial records, the lack of administrative grievance forms, and the lack of copies, notary, legal paper, and other supplies unlawfully impairs his right of access to the courts.

Having reviewed the complaint as amended, the court finds it is subject to being summarily dismissed because the Sedgwick County Adult Detention Center, as the sole defendant named in this action, is not a "person" for the purpose of establishing liability under 42 U.S.C. § 1983.  The facility itself is not a proper defendant because it is not an entity that can sue or be sued. *See e.g.*, Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit").

Even if the amended complaint is amended to name a proper defendant,[2] the court further finds plaintiff's first and third claims are subject to being summarily dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.

Generally, prison officials are extended deference in matter of institutional security.  Whitley v. Albers, 475 U.S. 312, 321-22 (1986).  Although "[d]ue process requires that a pretrial detainee not be punished," Bell v. Wolfish, 441 U.S. 520, 535 (1979), detainees may "be subjected to conditions that advance goals such as

---

[2]Plaintiff is advised that any such amendment must include sufficient allegations to demonstrate the defendant's personal participation in the alleged violation of plaintiff's constitutional rights. "Individual liability under 42 U.S.C. § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997). *See also* Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")(*quotation omitted*).

preventing escape and assuring the safety of others." <u>Allen v. Illinois</u>, 478 U.S. 364, 373-74 (1986).  Absent a showing the prisoner is being subjected to conditions that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," a prisoner has no independently protected right to a particular classification.  <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995); <u>Templeman v. Gunter</u>, 16 F.3d 367, 369 (10th Cir. 1994).  *See also* <u>Wilson v. Jones</u>, 430 F.3d 1113, 1117 (10th Cir. 2005).  No such showing is evident on the face of the amended complaint, and plaintiff's bare claim of being confined with convicted violent offenders is insufficient to show deliberate indifference to any obvious risk that plaintiff was exposed to a substantial risk of serious harm.  *See* <u>Farmer v. Brennan</u>, 511 U.S. 825, 828 (deliberate indifference standard applies to duty to protect claim); <u>Gonzales v. Martinez</u>, 403 F.3d 1179, 1186 (10th Cir. 2005)(same).

Nor are plaintiff's allegations regarding the lack of legal services and supplies sufficient to state an actionable claim of being denied access to the courts.  While prisoners have a constitutional right of access to the courts, <u>Bounds v. Smith</u>, 430 U.S. 817 (1977),[3] a showing of prejudice is required to state a claim of constitutional deprivation.  *See* <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996)(an inmate must show that he suffered an injury caused by the alleged shortcomings).  Plaintiff does not allege the

---

[3]This right of meaningful access also extends to inmates in county jails.  <u>Love v. Summit County</u>, 776 F.2d 908, 912 (10th Cir. 1985), *cert. denied*, 479 U.S. 814 (1986).

4

denial of specific services or supplies hindered his efforts to pursue a nonfrivolous legal claim, thus his third claim is subject to being summarily dismissed as stating no claim for relief under 42 U.S.C. § 1983.

### Notice and Show Cause Order to Plaintiff

Accordingly, the court directs plaintiff to show cause why the amended complaint should not be dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"); 28 U.S.C. § 1915A(a) and (b)(court to screen civil complaint filed by a prisoner to identify cognizable claims and to dismiss the complaint or any portion thereof that is (1) frivolous, malicious or fails to state a claim, or (2) seeks damages from a defendant immune from such relief). The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the $350.00 district court filing fee to be collected as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's motion to amend the complaint (Doc. 3) is granted.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the amended complaint should not be dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the

Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 11th day of March 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge