IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MICHAEL R. CHUBB,

                    Plaintiff,

          v.                              CASE NO.09-3010-SAC

SEDGWICK COUNTY JAIL,

                    Defendant.


O R D E R

Plaintiff, a person presently confined in the Sedgwick County Jail, seeks relief in a pro se complaint filed under 28 U.S.C. § 1983, on three claims.

Plaintiff first claims he is being wrongfully held in a more secure classification status that warranted for a person not charged with a crime, and that this unnecessarily subjects him to a dangerous environment with violent criminals.

Second, plaintiff complains of toxic conditions at the facility, and cites problems with mold, flies, dust, air quality, cold temperatures, inadequate cleaning supplies, and inadequate food.  He also claims these conditions cause him pain, nose bleeds, headaches, and breathing difficulties.  Plaintiff later amended his complaint, Fed.R.Civ.P. 15(a)(1), to further allege rodent infestation.

Third, plaintiff claims the denial of certified financial records, the lack of administrative grievance forms, and the lack of copies, notary, legal paper, and other supplies unlawfully impairs his right of access to the courts.  His amendment to the complaint

further alleges the denial of postage.

On March 11, 2009, the court granted plaintiff leave to proceed in forma pauperis.  Reviewing plaintiff's allegations, 28 U.S.C. § 1915A, the court found the complaint was subject to being summarily dismissed if plaintiff failed to amend the complaint to name appropriate defendants, because the Sedgwick County Detention Center as the only defendant named in the complaint was not an entity amenable to suit.  The court further directed plaintiff to show cause why the first and third claims in the complaint should not be dismissed as stating no claim for relief.

Having reviewed plaintiff's response, the court first notes plaintiff's statement that he is being held in the Sedgwick detention facility "solely for the purpose of determining whether in-patient treatment at a State hospital is necessary."  (Doc. 5, p.2.)  This statement raises the real possibility that petitioner may not be a "prisoner" as defined by 28 U.S.C. § 1915(h),[1] and thus may not be subject to the provisions in 28 U.S.C. § 1915 as amended by the Prison Litigation Reform Act in 1996, including the obligation to pay the full $350.00 district court filing fee as the court previously ordered.  The court thus finds clarification of plaintiff's status, and the full basis for his present confinement, is warranted.

The court next notes that plaintiff proposes to amend his complaint to name the following additional defendants:   the

---

[1]28 U.S.C. § 1915(h) defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

"Sedgwick County Board of Commissioners, et al." in their official capacity as vested with the power and obligation to oversee the administration of the detention facility; Sedgwick County Sheriff Bob Hinshaw in his official capacity as responsible for the operations and security of the detention center, including the health and safety of all prisoners; four unnamed county officials in their individual and official capacity as responsible for administering and overseeing building maintenance and air quality, kitchen and food quality of meals, janitorial and sanitation duties, and distribution of legal supplies and materials; and one unnamed company under contract with Sedgwick County to provide adequate and appropriate meals to prisoners.   Plaintiff, however, provides no specific factual allegations to support amending the complaint to name these proposed "John Doe" defendants.  *See* <u>Fogarty v. Gallegos</u>, 523 F.3d 1147, 1162 (10th Cir. 2008) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")(*quotation omitted*).

Accordingly, the court finds it appropriate under the circumstances to have plaintiff submit a motion for leave to amend the complaint, with a proposed amended complaint on a court approved form[2] that asserts all of plaintiff's claims and names all defendants and their personal involvement in their alleged violation of plaintiff's constitutional rights.[3]   Plaintiff is advised that

---

[2]*See* D.Kan. Rule 9.1(g)(court approved form complaint to be used by prisoners).

[3]*See* Fed.R.Civ.P. 15(a)(2)(other than amendment provided as of right under Rule 15(a)(1), further amendment of the complaint requires leave of the court).   *See also* D.Kan. Rule 15.1(proposed amended complaint is to be submitted with motion for leave to amend the complaint).

Sedgwick County, as a municipality, may be liable on a § 1983 claim only when a plaintiff is deprived of his constitutional rights pursuant to a policy or custom of the city or county. *See* Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978). *See also* Kentucky v. Graham, 473 U.S. 159, 169 n.14 (1985)("There is no longer a need to bring official-capacity actions against local government officials, for under Monell, local government units can be sued directly for damages.").

IT IS THEREFORE ORDERED that plaintiff is granted thirty (30) days to submit a motion for leave to amend the complaint, and a proposed amended complaint on a court approved form that asserts all claims and names all defendants in this action.

IT IS FURTHER ORDERED that plaintiff is to clarify within thirty (30) days whether he is a "prisoner" as defined by 28 U.S.C. § 1915(h).

The clerk's office is to provide plaintiff with a form complaint for filing under 42 U.S.C. § 1983, and copies of plaintiff's complaint (Doc. 1), motion to amend (Doc. 3), and response (Doc. 5).

**IT IS SO ORDERED.**

DATED: This 8th day of April 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge