```
                    IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS


MICHAEL R. CHUBB,

                        Plaintiff,

           v.                                    CASE NO.09-3010-SAC

SEDGWICK COUNTY JAIL,

                        Defendant.
```

**O R D E R**

Plaintiff proceeds pro se and in forma pauperis on a complaint submitted under 28 U.S.C. § 1983 while confined in the Sedgwick County Jail in Wichita, Kansas. In his complaint as first amended, plaintiff named only the Sedgwick County Detention Center (SCDC) as a defendant, and complained of his confinement with more dangerous prisoners than warranted, the conditions of his confinement, and restrictions on his access to legal materials and supplies. The court reviewed the amended complaint and directed plaintiff to submit a form complaint naming appropriate defendants, and to show cause why plaintiff's first and third claims should not be summarily dismissed as stating no claim for relief.

In response, plaintiff submitted a non-form complaint naming additional defendants. Noting plaintiff's assertion that he was confined pending a determination of whether in-patient treatment at a state hospital is necessary, the court directed plaintiff to clarify whether he was in fact a "prisoner" as defined in 28 U.S.C. § 1915(h), and to submit an amended complaint on a court approved form in which plaintiff asserted all of his claims and each

defendant's personal participation in the alleged violation of his constitutional rights.

Before the court is motion for leave to amend the complaint a second time, with his proposed second amended complaint. The court grants this motion.

*Clarification of Plaintiff's Confinement*

Plaintiff clarifies in an affidavit that he is being held in the county facility only for purposes of determining whether he is a sexually violent predator for purposes of civil commitment pursuant to the Kansas Sexually Violent Predator's Act (KSVPA), K.S.A. 59-29a01 *et seq*. Based on this clarification, the court finds plaintiff is not a "prisoner" as defined by § 1915(h), and thus is not subject to the fee provisions imposed by 28 U.S.C. § 1915(b) as amended in 1996 by the Prison Litigation Reform Act). *See* Merryfield v. Jordan, 584 F.3d 923 (10th Cir. 2009)(one civilly committed under KSVPA is not a "prisoner" as defined by 28 U.S.C. § 1915(h), thus motion to proceed in forma pauperis is not subject to fee provisions applicable to "prisoners" set forth in 28 U.S.C. § 1915).

*Screening of the Second Amended Complaint*

Because plaintiff proceeds in forma pauperis, his second amended complaint remains subject to being summarily dismissed if it is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). Courts have found the provisions in § 1915(e)(2) apply to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g.*, Merryfield, 584 F.3d at 926 (affirming dismissal of nonprisoner's complaint as

frivolous and as stating no claim for relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)); Michau v. Charleston County, S.C., 434 F.3d 725 (4th Cir.)(§ 1915(e) "governs IFP filings in addition to complaints filed by prisoners"), *cert. denied*, 548 U.S. 910 (2006).

Plaintiff names the following defendants in his second amended complaint: the Sedgwick County Board of Commissioners, the Sedgwick County Sheriff's Office, A.B.L. Company (as the private company under contract to provide food for Sedgwick County prisoners), Lt. Lee, and John Doe jail officials. Liberally construing plaintiff's pro se allegations and assuming them true as the court must do at this stage, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007), the court finds this matter is subject to being summarily dismissed because plaintiff's allegations continue to state no claim for relief against the defendants named in the second amended complaint.

To seek relief under § 1983, plaintiff must be able to demonstrate he has been deprived of a right secured by the Constitution and the laws of the United States, and that the defendants deprived him of this right while acting under color of state law. Jenkins v. Currier, 514 F.3d 1030, 1033 (10th Cir. 2008). Because plaintiff is confined as a civil detainee, his claims alleging unconstitutional conditions of confinement arise under the Due Process Clause rather than the Eighth Amendment. *See* Olsen v. Layton Hills Mall, 312 F.3d 1304, 1315 (10th Cir. 2002). Nonetheless, the Eighth Amendment standard remains the relevant benchmark for his claims. Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998). The Eighth Amendment requires jail officials "to provide humane conditions of confinement by ensuring inmates receive

the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety," Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998), and a plaintiff must be able to establish defendants acted with deliberate indifference to plaintiff's safety and well being. *See* Farmer v. Brennan, 511 U.S. 825 (1994)(stating "deliberate indifference" standard for Eighth Amendment claims).

The court finds plaintiff's allegations of being confined with more dangerous prisoners than necessary (Claim I) states no claim for relief. The Supreme Court recognizes that administrators are to be afforded deference in their operation of a jail. *See* Rhodes v. Chapman, 452 U.S. 337, 349 n.14 (1981)(prison administrators are accorded substantial deference regarding matters of internal security and management of a correctional facility). Classification decisions generally state no actionable constitutional claim, Meacham v. Fano, 427 U.S. 215 (1976), and plaintiff's apprehension and discontent about being confined with serious offenders presents no aytpical and significant burden implicating a liberty interest protected by the Due Process Clause, Sandin v. Conner, 515 U.S. 472 (1995). Nor does it establish a factual basis for establishing an actionable claim that any jail official was deliberately indifferent to plaintiff's safety. *See* Rider v. Werholtz, 548 F. Supp.2d 1188, 1195 (D.Kan. 2008)("The failure of a prison official to protect an inmate from attacks by other inmates rises to the level of an Eighth Amendment violation only if the evidence shows defendants acted with wanton or obdurate disregard for or deliberate indifference to the protection of prisoners' lives.")(citations and quotation marks omitted).

Also, plaintiff's allegations of inadequate supplies, materials, and assistance in legal matters are insufficient to establish a viable claim that plaintiff is being denied his right of access to the courts or to redress his grievances (Claim III). Although prisoners have a constitutional right to adequate, effective, and meaningful access to the court to challenge violations of constitutional rights, Bounds v. Smith, 430 U.S. 817, 828 (1977), a showing of actual prejudice is required. *See* Lewis v. Casey, 518 U.S. 343, 351 (1996). Plaintiff alleges no facts that he actually was impeded in his ability to file a nonfrivolous lawsuit.[1]

The court finds plaintiff's allegations of inadequate food, unsanitary conditions, and inadequate heat (Claims II), are sufficient to warrant a response, but only if plaintiff names one or more appropriate defendants and alleges sufficient facts to demonstrate their personal participation in the alleged violation of plaintiff's constitutional rights. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008)(quotation omitted).

In the present case, plaintiff's single bare and broad reference to unidentified "policy and custom" to ignore SCDC deficiencies provides no factual basis for plausibly establishing municipal liability under Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691-94 (1978), against the Sedgwick County Board of Commissioners, or against the private company under

---

[1]The court further notes that Kansas law requires appointment of counsel in civil commitment proceedings under the KSVPA. *See* In re Care & Treatment of Hay, 263 Kan. 822, 831 (1998).

contract to provide food to SCDC prisoners. See <u>Dubbs v. Head Start, Inc.</u>, 336 F.3d 1194, 1216 (10th Cir. 2003)(cataloguing circuit court cases applying <u>Monell</u> to private entities).

The "Sedgwick County Sheriff's office, et al." is not a legal entity that can be sued, and the court notes plaintiff's omission of Sedgwick County Sheriff Hinshaw from the second amended complaint. And plaintiff simply alleges that Lt. Lee neglected to correct known deficiencies in the meals provided by the private food contractor, and that "Doe" defendants neglected their duties to maintain and clean the jail, and to ensure compliance with nutritional guidelines. Mere allegations of negligence, however, are insufficient to state a claim for relief under § 1983. <u>Daniels v. Williams</u>, 474 U.S. 327, 328-31 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986). *See* <u>Bryson v. City of Edmond</u>, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere negligence required for constitutional deprivation in civil rights action).

Accordingly, absent further amendment and/or supplementation of the complaint to correct the deficiencies identified above, the court finds the second amended complaint is subject to being dismissed as stating no claim for relief.[2] The failure to file a timely response may result in the second amended complaint being dismissed for the reasons stated herein, without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff was not a "prisoner" as defined by 28 U.S.C. § 1915(h) when he initiated this action, and

---

[2] Plaintiff is reminded that further amendment of the complaint, such as to name additional or different defendants, will require leave of the court, and submission of the proposed amended complaint. Fed.R.Civ.P. 15(a)(2); D.Kan. Rule 15.1.

thus is not required to pay the full $350.00 district court filing fee. The fee provisions in § 1915(b) authorizing automatic payments from a prisoner's inmate account do not apply to the district court filing fee in this matter.

IT IS FURTHER ORDERED that plaintiff's motion for leave to amend his complaint a second time (Doc. 7) is granted.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the second amended complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for an expedited resolution of his claims (Doc. 8) is denied.

**IT IS SO ORDERED.**

DATED: This 3rd day of March 2010 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

See e.g., Bryson v. Gonzales, 534 F.3d 1282, 1287 (10th Cir. 2008); Poolaw v. Marcantel, 565 F.3d 721, 732-33 (10th Cir. 2009)(an affirmative link between the named defendant and the alleged constitutional violation is required to demonstrate a defendant's personal participation).

He advances three grounds for relief. First he contends he is being subjected to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments by being housed with maximum security offenders. Plaintiff states this causes him to be in constant apprehension of bodily harm, and generally contends his exposure to violent and aggressive offenders constitutes "punishment" because it is unnecessary to secure his appearance in his pending civil commitment proceedings.

Second, plaintiff claims the toxic conditions at the jail are causing him sinus and other medical problems. He further complains of inadequate food, lack of heat, and the denial of reliable and appropriate phone service.

Third, plaintiff claims defendants are denying him adequate supplies and access to services for researching and preparing legal materials, and contends he is being denied his right to file grievances and access the courts.

**** pro se...liberally construed, assumed true...... plaintiff's allegations are sufficient to encompass claims warranting a response from defendants Sedgwick County Sheriff Hinshaw,[3] A.B.L. Company as a private company under contract to provide food to the SCADC, and Lt. Lee for his alleged role in denying plaintiff adequate food.[4]

---

[3]The court liberally construes plaintiff's naming of the "Sedgwick County Sheriff's office, et al" as naming the Sedgwick County Sheriff Hinshaw in his individual and official capacities. ***Hall v. Bellmon

[4]The court finds the Sedgwick County Board of Commissioners should be dismissed because plaintiff's allegations state no claim for relief against this entity, notwithstanding the court's previous observation that plaintiff's allegations provided no factual basis for plausibly establishing municipal liability against this defendant. *See* Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978)(stating requirements for municipal liability under § 1983). In his ** amended complaint, plaintiff basically continues to claim the Board is responsible for overseeing the administration of the county jail, and is neglecting to do so in an appropriate manner. This mere reference to the Board's noncompliance with unspecified policies and customs is insufficient. to establish a cognizable claim of municipal liability against the Board.

The court also dismisses without prejudice the unnamed "Doe" defendants in the ** amended complaint. Plaintiff alleges only that these defendants "neglected their duties" to clean the ventilation system, to maintain a sanitary facility free of infestation, to

8

provide legal supplies and assistance to indigent prisoners, and to insure that meals complied with nutritional guidelines.  These bare and conclusory allegations of negligence are insufficient to state a viable constitutional claim for proceeding under § 1983.  ***